**TROUTMAN PEPPER LOCKE LLP**
Nicholas R. Jimenez (0174792015)
222 Central Park Ave., Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7756
Facsimile: (757)
Email: Nicholas.jimenez@troutman.com
*Attorneys for Defendant Ally Bank*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KATIE DAVIS,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ALLY BANK,<br><br>　　　　　　Defendant. | Civil Action No. 3:25-cv-2274<br><br><br>ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM |

Defendant Ally Bank ("Ally" or "Defendant"), by and through its counsel Troutman Pepper Locke, LLP, hereby submits the following Answer, Affirmative Defenses and Counterclaim (the "Answer") to the Civil Action Complaint dated December 12, 2024 (the "Complaint") of Plaintiff Katie Davis ("Plaintiff").

**ANSWER**

**I. Ally's Failure to Comply with 15 USC and 12 CFR[1]**

1. Ally denies the allegations in Paragraph 1.

2. The allegations in Paragraph 2 of the Complaint state legal conclusions and refer to documents that speak for themselves, to which no response is required. To the extent a response is required, Ally denies the allegations in Paragraph 2.

---

[1] Ally has adopted Plaintiff's numbering convention and included Plaintiff's section headings for ease of reference only. The inclusion of Plaintiff's headings is not meant as an admission. Ally denies any allegation contained in Plaintiff's section headings.

3. The allegations in Paragraph 3 of the Complaint state legal conclusions and refer to documents that speak for themselves, to which no response is required. To the extent a response is required, Ally denies the allegations in Paragraph 3.

4. The allegations in Paragraph 4 state a legal conclusion that requires no response. To the extent a response is required Ally denies the allegations in Paragraph 4.

## II. Contract Null and Void

1. Ally denies the allegations in Paragraph 1 of this section of the Complaint.

2. The allegations in Paragraph 2 of this section of the Complaint state a legal conclusion that requires no response. To the extent a response is required, Ally denies the allegations in Paragraph 2.

3. The allegations in Paragraph 3 of this section of the Complaint state legal conclusions and refer to documents that speak for themselves, to which no response is required. To the extent a response is required, Ally denies the allegations in Paragraph 3.

4. Ally denies the allegations in Paragraph 4 of this section of the Complaint.

## III. Forensic Audit Shows No Chain of Possession

1. Ally lacks sufficient information to form a belief as to the truth of the allegations stated in Paragraph 1 of this section of the Complaint and therefore denies them.

2. The allegations in Paragraph 2 of this section of the Complaint refer to documents that speak for themselves. Ally denies the allegations in Paragraph 2 to the extent they differ from the contents of the document referenced. Ally denies any allegations contained in Paragraph 2 that do not relate to the documents referenced.

3. The allegations in Paragraph 3 of this section of the Complaint state legal conclusions and refer to documents that speak for themselves, to which no response is required. Ally denies

        these allegations contained in Paragraph 3 to the extent they differ from the document referenced and/or are contrary to the law.

4. The allegations in Paragraph 4 of this section of the Complaint state legal conclusions and refer to documents that speak for themselves, to which no response is required. Ally denies these allegations contained in Paragraph 4 to the extent they differ from the document referenced and/or are contrary to the law.

5. The allegations in Paragraph 5 of this section of the Complaint state legal conclusions that require no response. To the extent a response is required, Ally denies the allegations in Paragraph 5.

6. The allegations in Paragraph 6 of this section of the Complaint state legal conclusions that require no response. Ally denies the allegations in this paragraph to the extent they are contrary to law.

7. The allegations in Paragraph 7 of this section of the Complaint state legal conclusions and refer to documents that speak for themselves, to which no response is required. Ally denies these allegations contained in Paragraph 7 to the extent they differ from the document referenced and/or are contrary to the law.

### IV. Summary

1. Ally denies the allegations in Paragraph 1 of this section of the Complaint.

2. The allegations in Paragraph 2 of this section of the Complaint state legal conclusions that require no response. To the extent a response is required, Ally denies the allegations in Paragraph 2.

3. The allegations in Paragraph 3 of this section of the Complaint state legal conclusions that require no response. To the extent a response is required, Ally denies the allegations in Paragraph 3.

4. The allegations in Paragraph 4 of this section of the Complaint state legal conclusions and refer to documents that speak for themselves, to which no response is required. Ally denies these allegations contained in Paragraph 4 to the extent they differ from the document referenced and/or are contrary to the law.

## PRAYER FOR RELIEF

Ally denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph following Paragraph 4 of the final section of the Complaint.

Ally denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs above.

Ally denies that it is liable to Plaintiff in any manner whatsoever under any theory whatsoever.

Ally reserves the right to rely upon any and all defenses as may become known through discovery or at trial.

Ally reserves the right to amend its Answer to Plaintiff's Complaint to conform to the evidence as determined in discovery or at trial.

## AFFIRMATIVE AND OTHER DEFENSES

Ally hereby sets forth the following affirmative defenses to the Complaint. By asserting the defenses set forth below, Ally does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses. Nor does Ally admit that Plaintiff

is relieved of Plaintiff's burden to prove each and every element of Plaintiff's claims and the damages, if any, to which Plaintiff is entitled.

1. The Complaint fails to state a plausible claim for which relief can be granted and should be dismissed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Ally reserves the right to file a Motion for Judgment on the Pleadings or other dispositive motion seeking dismissal of Plaintiff's claims.

2. Ally avers that some or all of the claims made in the Complaint may be barred because Plaintiff lacks standing.

3. Ally denies that Plaintiff sustained any damages and denies that it proximately caused any of the damages claimed by Plaintiff.

4. Plaintiff cannot recover from Ally to the extent that any damages that Plaintiff may have suffered, which Ally continues to deny, directly and proximately resulted from Plaintiff's own acts and/or omissions.

5. Plaintiff cannot recover from Ally to the extent that any damages Plaintiff may have or will suffer as alleged in the Complaint, which Ally continues to deny, have been and/or will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts and/or omissions of persons or entities over whom Ally had no control, and for whose conduct Ally is not responsible, which bars or diminishes any recovery by Plaintiff against Ally.

6. At all times relevant, Ally acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable law.

7. Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has not suffered any actual damages.

8. Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has failed to mitigate her damages.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

10. Plaintiff breached the terms of the underlying contract or agreement.

11. The Complaint is subject to dismissal for improper and lack of service of process.

12. Plaintiff's claims fail to the extent that Ally's alleged actions were authorized by the terms of the underlying contract or agreement.

13. Plaintiff's claims are subject to set-off of any sums due and owing to Ally.

14. Plaintiff lacks standing.

Ally reserves the right to assert additional defenses (affirmative and otherwise) as this action progresses and reserves the right to rely upon any and all defenses (affirmative and otherwise) as may become known through discovery or at trial.

## COUNTERCLAIM

Defendant and Counterclaimant Ally Bank ("Ally"), by counsel, hereby submits its Counterclaim in the instant proceeding against Plaintiff and Counterclaim Defendant Katie Davis ("Davis"):

1. On or about June 11, 2022, Davis entered into a Retail Installment Sale Contract (the "Contract") with Barlow Buick GMC (the "Dealer"), whereby Davis agreed to purchase a 2022 Buick Encore, VIN KL4MMBS24NB116937 (the "Vehicle"). A copy of the Contract is attached hereto as **Exhibit 1** and is incorporated herein by reference.

2. The Contract is governed by the law of the State of New Jersey. *See* Ex. 1, p. 1.

3. The Dealer subsequently assigned its interest in the Contract to Ally.

4. Under the terms of the Contract, Davis agreed to finance the purchase of the Vehicle by making monthly installment payments of $402.62 beginning on July 28, 2022 and continuing for 84 consecutive months. The total amount owed under the Contract at execution was $33,820.08, which consisted of an Amount Financed of $25,985.32, and a Finance Charge of $7,854.75 based on a 7.74 Annual Percentage Rate.

5. Under the terms of the Contract, and in consideration for financing the purchase, Counterclaim Respondent granted Ally a purchase money security interest in the Vehicle. *See* Ex. 1, p. 2, ¶ 2(c).

6. The Contract provides that, in the event of a default, Ally may demand immediate payment of the entire balance remaining under the Contract:

> **b.  You may have to pay all you owe at once.**  If you break your promises (default), we may demand that you pay all you owe on this contract at once.  Default means:
>
> - You do not pay any payment on time;
> - You give false, misleading information on a credit application;
> - You start a proceeding in bankruptcy or one is started against you or your property; or
> - You break any of your promises in this contract.
>
> The amount you owe will be the unpaid part of your Principal Balance plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

Ex. 1, p. 2, ¶ 3(b).

7. The Contract also provides that Ally is entitled to repossession of the Vehicle following default:

> **d.  We may take the vehicle from you**.  If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it.

Ex. 1, p. 2, ¶ 3(d).

8. Following repossession, Ally may sell the Vehicle, and Davis remains liable for any deficiency that remains after sale:

> **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
> We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it. preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask. we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

Ex. 1, p. 2, ¶ 3(f).

9. Further, Ally may recover its collection costs and attorneys' fees:

> **c.    You may have to pay collection costs.** If we hire an attorney to collect what we owe, you will pay the attorney's fee and court costs as the law allows. You will also pay any collection costs we incur as the law allows.

Ex. 1, p. 2, ¶ 3(c).

10. After entering into the Contract, Davis failed to make timely payments under the Contract. Accordingly, Davis defaulted on the Contract.

11. As of the date of filing, a balance of $22,709.99 remains due under the Contract.

### COUNT I – BREACH OF CONTRACT

12. The preceding paragraphs of the Counterclaim are incorporated herein by reference as if set forth in their entirety below.

13. The Contract constitutes a valid and binding contract between the parties.

14. Under the terms of the Contract, Davis was required to make certain monthly payments to Ally.

15. Davis failed to make the required payments in a timely manner.

16. Under the terms of the Contract, in the event of a default, Ally may accelerate the unpaid part of the Amount Financed, plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because of default.

17. Under the terms of the Contract, in the event of a default and Ally seeking recovery of the vehicle, Davis is liable to Ally for attorneys' fees and court costs, plus reasonable out-of-pocket expenses incurred in connection with retaking, holding, preparing it for sale and selling the vehicle.

18. As a result, Davis is liable to Ally for the total outstanding balance of $22,709.99 plus interest accruing at the contractual rate of 7.74 % from August 5, 2024 through the present and any additional sums that become due including but not limited to late fees and other charges.

19. Under the terms of the Contract, Davis is also liable to Ally for reasonable attorneys' fees and court and collection costs.

## COUNT II – REPLEVIN

20. The preceding paragraphs of the Counterclaim are incorporated herein by reference as if set forth in their entirety.

21. Under the Contract, Davis granted Ally a security interest in the Vehicle.

22. Under the Contract, Ally is entitled to repossess the Vehicle upon Davis's default.

23. Davis defaulted under the Contract by failing to make timely payments and has significantly impaired the prospect of payment, performance or realization of the collateral.

24. Upon information and belief, Davis is currently in possession of the Vehicle.

25. Ally is entitled to immediate possession of the Vehicle.

**WHEREFORE**, Counterclaim Plaintiff Ally Bank, by counsel, respectfully requests that judgment be entered in Ally Bank's favor against Counterclaim Defendant Katie Davis in the amount of $22,709.99 plus interest accruing at the contractual rate of 7.74% from August 5, 2024 through the present, and any additional sums that become due including but not limited to late fees and other charges; (2) enter a judgment against Counterclaim Defendant Katie Davis, granting Ally Bank possession of the Vehicle; (3) enter a judgment granting Ally Bank all reasonable expenses of collection and enforcement, as allowed by law and set forth in the Contract; (4) grant Ally Bank an award of reasonable attorneys' fees and costs; and (5) grant all further relief that the Court finds equitable and appropriate.

Date:  April 25, 2025

**TROUTMAN PEPPER LOCKE LLP**

/s/ *Nicholas R. Jimenez*
Nicholas R. Jimenez (0174792015)
222 Central Park Ave., Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7756
Facsimile: (757)
Email: Nicholas.jimenez@troutman.com

*Attorneys for Defendant Ally Bank*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 25th day of April 2025, I caused the foregoing *Answer with Affirmative Defenses and Counterclaim* to be electronically filed with the Clerk of the Court using the CM/ECF system, and sent via e-mail and FedEx Overnight Mail, to the following:

Katie Davis
*Plaintiff*
92 Davis Drive
Manahawkin, NJ 08005
Katie4613@yahoo.com

                        */s/ Nicholas R. Jimenez*
                        Nicholas R. Jimenez (174792015)
                        Attorneys for Defendant Ally Bank

310747479