U.S. District Court, District of NJ in Trenton

---

**Katie Davis**                                                      Case 3:25-cv-02274

v.

**Ally Bank**                                         **AMENDED COMPLAINT**

---

Plaintiff Katie Davis, pro se, submits this Amended Complaint against Defendant Ally Bank, pursuant to FRCP 15(a)(1)(B).

JURISDICTION AND VENUE

1. This Court has federal question jurisdiction under 28 U.S.C. § 1331 for claims arising under 15 U.S.C. § 1666 and 15 U.S.C. § 1692, and supplemental jurisdiction under 28 U.S.C. § 1367 for state law claims.

2. Venue is proper under 28 U.S.C. § 1391, as Defendant conducts business in New Jersey, and the events occurred in Ocean County.

PARTIES

3. Plaintiff is an individual residing at 92 Davis Drive, Manahawkin, NJ 08050.

4. Defendant is a financial institution with a principal place of business at PO Box 380902, Bloomington, MN 55438-0902.

FACTUAL ALLEGATIONS

5. On or about June 11, 2022, Plaintiff entered into a contract with Barlow Buick GMC to purchase a 2022 Buick Encore, VIN KL4MMBS24NB116937, which was assigned to Defendant.

6. Defendant created two account numbers for Plaintiff's single loan, causing confusion and preventing Plaintiff from making payments after two years of paying on time, in violation of 15 U.S.C. § 1666 and 12 CFR 1026.13.

7. Plaintiff sent certified notices of billing error on September 12, 2024, and contract fraud on October 24, 2024, demanding debt validation. Defendant failed to respond within 30 days, violating 12 CFR 1026.13(c)(1).

8. Defendant relies on misleading or invalid contracts with differing terms, violating 7 U.S.C. § 6b and N.J.S.A. 56:8-2. 9. Defendant claims to hold a security interest in the Vehicle but lacks ownership of the note or contract, as the note was assigned to Ally Auto Receivables Trust 2022-2 without proper recording, per SEC and CFR requirements.

9. Defendant wrongfully repossessed Plaintiff's Vehicle on December 8, 2024, and again in or about February 2025, during the error resolution period, violating 12 CFR 1026.13(d)(1). Both times a TRO secured the car back to Plaintiff, but after much stress, expense, and loss of work.

COUNT I: VIOLATION OF FAIR CREDIT BILLING ACT (15 U.S.C. § 1666)

10. Defendant failed to resolve Plaintiff's billing error notices and repossessed the Vehicle during the error resolution period, violating 15 U.S.C. § 1666 and 12 CFR 1026.13, entitling Plaintiff to forfeiture under 15 U.S.C. § 1666(e).

COUNT II: VIOLATION OF NEW JERSEY CONSUMER FRAUD ACT (N.J.S.A. 56:8-2)

11. Defendant's misleading contracts, failure to disclose the loan assignment, and wrongful repossessions constitute unconscionable commercial practices, violating N.J.S.A. 56:8-2.

COUNT III: FRAUD

12. Defendant's use of invalid contracts and failure to validate the debt constitute fraudulent misrepresentation.

COUNT IV: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692)

13. Defendant, acting as a debt collector, failed to validate the debt after Plaintiff's notices and engaged in unlawful repossessions, violating 15 U.S.C. § 1692g and § 1692f.

DAMAGES

14. Plaintiff suffered ascertainable losses, including approximately $11,050 in monthly payments (July 2022–August 2024), a $2,500 down payment, $3,000 for use of a borrowed vehicle, $3,000 in lost paid time off, and $1,500 for loss of use from the second repossession, totaling $21,050.

15. Under N.J.S.A. 56:8-19, Plaintiff seeks treble damages of $63,150.

16. Plaintiff suffered severe emotional distress due to this ongoing issue since September of 2024, including stress exacerbated by her autistic son's needs, valued at $20,000.

17. Plaintiff incurred costs of $1,149, including a $799 forensic audit, $300 in filing fees, and $50 in mailing costs.

18. Plaintiff seeks statutory damages under 15 U.S.C. § 1666(e) and 15 U.S.C. § 1692k, and punitive damages for Defendant's bad faith, to be proven at trial.

PRAYER FOR RELIEF WHEREFORE, Plaintiff requests:

1. Judgment against Defendant for $84,299 (treble damages, emotional distress, costs);
2. Statutory and punitive damages under federal and state law;
3. Cancellation of the alleged debt;
4. Costs and further relief as the Court deems just.

Date: May 12, 2025

*/s/ Katie Davis*

Katie Davis, pro se 92 Davis Drive Manahawkin, NJ 08050 Kellyjames0502@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2025, I caused the foregoing Answer to Counterclaim to be filed with the Clerk of the Court using the email system, and served via email to:

Nicholas R. Jimenez
Troutman Pepper Locke LLP
222 Central Park Ave., Suite 2000
Virginia Beach, VA 23462
Nicholas.jimenez@troutman.com

*/s/ Katie Davis*

Katie Davis, pro se