**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

KATIE DAVIS,

              Plaintiff,

   -v-

ALLY BANK,

           Defendant.

Civil Action No.:  3:25-cv-02274-GC-JBD

Hon. J. Brendan Day

**JOINT PROPOSED DISCOVERY PLAN**

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

   Katie Davis, pro se
   92 Davis Drive
   Manahawkin, NJ 08050
   Kellyjames0502@gmail.com

   Nicholas R. Jimenez
   TROUTMAN PEPPER LOCKE LLP
   222 Central Park Ave., Ste. 2000
   Virginia Beach, VA 23462
   Telephone: (757) 687-7756
   Facsimile: (212) 704-6288
   Email: Nicholas.jimenez@troutman.com
   *Attorney for Ally Bank*

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

   **<u>Plaintiff</u>:** Plaintiff alleges that Defendant's use of misleading contracts, creation of multiple account numbers, failure to resolve billing errors, and wrongful repossessions violated 15 U.S.C. § 1666, 15 U.S.C. § 1692, and N.J.S.A. 56:8-2, causing financial and emotional damages. Discovery is needed to verify the authenticity and terms of all contracts, the loan's assignment, and Defendant's compliance with federal and state laws. Plaintiff submits this proposal subject to her pending Motion to Remand, set for hearing on June 2, 2025, which seeks to return this case to New Jersey Superior Court."

1

**Defendant:** This lawsuit stems from a dispute over a consumer loan issued when the Plaintiff purchased a car. The loan for the car was assigned to Ally, who has been servicing it since its origination. Plaintiff has stopped paying towards the loan balance. Defendant asserts a Counterclaim against the Plaintiff for the balance owed under the terms of the Retail Installment Sales Contract the Plaintiff executed when she financed her car. Ally also asserts a Counterclaim for replevin and is seeking a judgment that makes it clear that Ally is entitled to possession of the car due to Plaintiff's default. Defendant denies it violated the law or is liable to the Plaintiff under any theory.

3.  Have settlement discussions taken place? **No**

    a.  What was plaintiff's last demand?

        i.  Monetary demand: **$84,299+**

        **ii.** Non-monetary demand: **Cancellation of debt and possession of vehicle.**

    b.  What was defendant's last offer?

        i.  Monetary offer: **N/A**

        ii. Non-monetary offer: **Pursuant to a state court order, the Defendant returned the vehicle to the Plaintiff and has offered to permit the Plaintiff to resume payments and bring the account current.**

4.  The parties **have** met pursuant to Fed. R. Civ. P. 26(f). **The Parties met and conferred regarding the contents of this document on May 19, 2025.**

5.  The parties **have not** exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor. **The parties will exchange Fed. R. Civ. P. 26(f) initial disclosures by June 9, 2025.**

6.  Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1). **N/A**

7.  The parties **have not** filed disclosures of third-party litigation funding. *See* Local Civil Rule 7.1.1.

8.  The parties **have not** conducted discovery other than the above disclosures.

9.  Proposed joint discovery plan:

    a.   Discovery is needed on the following subjects:

        1.  **The nature of Plaintiff's alleged debt, including the manner in which is was assigned to Ally;**

        2.  **The transactions and occurrences that alleged violated Federal law as stated in Plaintiff's Amended Complaint;**

        3.  **Plaintiff's actual damages, if any;**

        4.  **Defendant's damages.**

        5.  **Authenticity, validity, and terms of all contracts and documents related to Plaintiff's loan, including any amendments or multiple account records.**

    b.   Discovery **should not** be conducted in phases or be limited to particular issues.

    c.   Proposed schedule:

        i.  Fed. R. Civ. P. 26 Disclosures**: June 9, 2025**.

        ii.  E-Discovery conference pursuant to L. Civ. R. 26.1(d): **N/A**.

        iii.  Service of initial written discovery: **June 27, 2025**.

        iv.  Maximum of **25** Interrogatories by each party to each other party.

        v.  Maximum of **3** depositions to be taken by each party.

        vi.  Motions to amend or to add parties to be filed by: **N/A**.

        vii.  Factual discovery to be completed by **November 10, 2025**.

        viii.  Plaintiff's expert report due on **November 25, 2025**.

        ix.  Defendant's expert report due on **December 9, 2025**.

        x.  Expert depositions to be completed by **January 9, 2026**.

        xi.  Dispositive motions to be served within **45** days of completion of discovery.

    d.   Set forth any special discovery mechanism or procedure requested. **None.**

    e.   A pretrial conference may take place on **TBD**.

    f.   Trial date: **TBD**;

10. Do you anticipate any special discovery needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? **No**.

11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? **No**.

    If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc. **N/A**.

12. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.

    **Plaintiff requests the Discovery Confidentiality Order shall permit use of discovery materials in public court filings, with redactions limited to sensitive personal information.**

    **Defendant anticipates the entry of a Discovery Confidentiality Order in substantially the same form as Appendix S**.

13. Do you anticipate any discovery problem(s) not listed above? Describe. **No**.

14. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.)

    **Defendant represents that this case may be appropriate for arbitration pursuant to Local Civil Rule 201.1. Defendant believes arbitration may be appropriate after the completion of fact discovery.**

    **Plaintiff opposes arbitration, as the case involves significant public interest issues regarding Defendant's loan servicing practices, best resolved in court to ensure transparency.**

15. Is this case appropriate for bifurcation? **No**.

16. An interim status/settlement conference (with clients in attendance) should be held

    in **September 2025**.

17. Defendant does consent to the trial being conducted by a Magistrate Judge.

Plaintiff does not consent to trial being conducted by Magistrate Judge.

18. Identify any other issues to address at the Rule 16 Scheduling Conference.

**Plaintiff notes her pending Motion to Remand, set for hearing on June 2, 2025, and reserves all rights pending the Court's ruling on jurisdiction.**

Respectfully Submitted,

Katie Davis, pro se
92 Davis Drive
Manahawkin, NJ 08050
Kellyjames0502@gmail.com

Nicholas R. Jimenez
TROUTMAN PEPPER
LOCKE LLP
222 Central Park Ave., Ste. 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7756
Facsimile: (212) 704-6288
Email: Nicholas.jimenez@troutman.com
*Attorney for Ally Bank*

5